Chandra D. Pryor SBN 320903
Kirsten Martinez, SBN 310674
Bonial & Associates, P.C.
3160 Crow Canyon Place, Suite 215
San Ramon, California 94583
Telephone: (213) 863-6010
Fax: (213) 863-6065
Chandra.Pryor@BonialPC.com
Kirsten.Martinez@BonialPC.com

Attorney for Movant

# UNITED STATES BANKRUPTCY COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>Danielle D. Bias ,<br><br><br><br><br><br><br><br><br><br>Debtor | Case No. 2:24-bk-11360-VZ<br><br>Chapter 13<br><br>**STIPULATION FOR ADEQUATE PROTECTION RE: MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>Hearing:<br>Date:  November 12, 2024<br>Time:  10:00 AM<br>Place:  Courtroom 1368<br>          255 E Temple Street<br>          Los Angeles, CA 90012 |

| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>**Chandra D. Pryor SBN 320903**<br>**Kirsten Martinez, SBN 310674**<br>**Bonial & Associates, P.C.**<br>**3160 Crow Canyon Place, Suite 215**<br>**San Ramon, California 94583**<br>**Telephone: (213) 863-6010**<br>**Fax: (213) 863-6065**<br>**Chandra.Pryor@BonialPC.com**<br>**Kirsten.Martinez@BonialPC.com**<br><br>☒ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | FOR COURT USE ONLY |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>**Danielle D. Bias**<br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:24-bk-11360-VZ<br>CHAPTER: 13<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (PERSONAL PROPERTY)**<br><br>DATE: November 12, 2024<br>TIME: 10:00 a.m.<br>COURTROOM: 1368<br>PLACE: 255 E. Temple Street, Los Angeles, CA 90012 |
| **Movant:  Toyota Motor Credit Corporation** | |

1.   The Motion was:          ☐ Opposed          ☐ Unopposed          ☒ Settled by stipulation

2.   The Motion affects the following personal property (Property):

   ☒ Vehicle (*year, manufacturer, type and model*): 2018 TOYOTA C-HR

   *Vehicle identification number*: JTNKHMBXXJ1008214
   *Location of vehicle* (*if known*):

   ☐ Equipment (*manufacturer, type, and characteristics*):

   *Serial number(s)*:
   *Location* (*if known*):

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                     Page 1                                     **F 4001-1.RFS.PP.ORDER**

☐ Other personal property (*type, identifying information, and location*):

☐ See Exhibit _____ attached to the Motion.

3. The Motion is granted under:

    a.  ☐ 11 U.S.C. § 362 (d)(1)

    b.  ☐ 11 U.S.C. § 362 (d)(2)

4. ☐ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

    a.  ☐ Terminated as to the Debtor and the Debtor's bankruptcy estate.

    b.  ☐ Modified or conditioned as set for the in Exhibit _____ to this order.

    c.  ☐ Annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

5. ☐ Movant may enforce its remedies to repossess or otherwise obtain possession and dispose of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6. ☐ Movant must not repossess the Property before (*date*) _____.

7. ☒ The stay remains in effect subject to the terms and conditions set forth in the Adequate Protection Agreement to this order.

8. ☐ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this order.  The secured portion of Movant's claim is deemed withdrawn upon entry of this order without prejudice to Movant's right to file an amended unsecured claim for any deficiency.  Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this order.

9. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated or modified as to the co-debtor, as to the same terms and conditions.

10. ☐ The 14-day stay provided by FRBP 4001(a)(3) is waived.

11. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

12. ☐ This order is binding in any other bankruptcy case purporting to affect the Property filed not later than 2 years after the date of entry of such order, except that a debtor in a subsequent case may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

13. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

14. ☐ This order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                     Page 2                                     **F 4001-1.RFS.PP.ORDER**

15. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be

    a. ☐ without further notice.

    b. ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

16. ☐ Other (*specify*):

###

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                      Page 3                                      **F 4001-1.RFS.PP.ORDER**

# ADEQUATE PROTECTION AGREEMENT

*(This attachment is the continuation page for paragraph 7 of this order.)*

The stay remains in effect subject to the following terms and conditions:

1. ☐ The Debtor tendered payments at the hearing in the amount of $_____.

2. ☒ The Debtor must make regular monthly payments in the sum of $ 724.02 commencing (*date*) November 15, 2024.  The amount of these payments may be subject to change under the terms of the parties' original agreements.  All payments due Movant under this Adequate Protection Agreement must be paid to Movant at the following address:

   **Toyota Motor Credit Corporation**
   **P.O. Box 9490**
   **Cedar Rapids, Iowa 52409-9490**

3. ☒ The Debtor must cure the postpetition default computed through November 7, 2024 in the amount of $4,342.16 as follows:

   a. ☒ In equal monthly installments of $ 723.69 each commencing (*date*) December 15, 2024 and continuing thereafter through and including April 15, 2025.

   b. ☒ By paying the sum of $ 723.71 on or before (*date*) May 15, 2025,

   c. ☐ By paying the sum of $ _____ on or before (*date*) _____,

   d. ☐ By paying the sum of $ _____ on or before (*date*) _____,

   e. ☐ Other:

4. ☒ The Debtor must maintain insurance coverage on the Property and must remain current on all taxes that become due postpetition with regard to the Property.

5. ☐ The Debtor must file a disclosure statement and plan on or before (*date*) _____
   A disclosure statement must be approved on or before (*date*) _____
   A plan must be confirmed on or before (*date*) _____

6. ☒ Upon any default in the terms and conditions set forth in paragraphs 1 through 5 of this Adequate Protection Agreement, Movant must serve written notice of default to the Debtor, and any attorney for the Debtor.  If the Debtor fails to cure the default within 14 days after service of such written notice:

   a. ☐ The stay automatically terminates without further notice, hearing or order.

   b. ☒ Movant may file and serve declaration under penalty of perjury specifying the default, together with a proposed order terminating the stay, which the court may grant without further notice or hearing.

   c. ☐ Movant may move for relief from the stay upon shortened notice pursuant to LBR 9075-1(b).

   d. ☐ Movant may move for relief from the stay on regular notice pursuant to LBR 9013-1(d).

7. ☒ Notwithstanding anything contained in this Adequate Protection Agreement to the contrary, the Debtor is entitled to a maximum (*number*) of three (3) notices of default and opportunities to cure pursuant to the preceding paragraph.  Once the Debtor has defaulted this number of times on the obligations imposed by this order and has been served with this number of notices of default, Movant is relieved of any obligation to serve additional notices of default and provide additional opportunities to cure.  If an event of default occurs thereafter, Movant shall be entitled, without first serving a notice of default and providing the Debtor with an opportunity to cure, to file and serve a declaration under penalty of perjury setting forth in detail the Debtor's failures to perform under this Adequate Protection Agreement, together with a proposed order terminating the stay, which the court may enter without further notice or hearing.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 4                          **F 4001-1.RFS.PP.ORDER**

8. ☒ This Adequate Protection Agreement is binding only during the pendency of this bankruptcy case.  If, at any time, the stay is terminated with respect to the Property by court order or by operation of law, this Adequate Protection Agreement ceases to be binding and Movant may proceed to enforce its remedies under applicable nonbankruptcy law against the Property and/or against the Debtor.

9. ☒ If Movant obtains relief from stay based on the Debtor's defaults under this Adequate Protection Agreement, the order granting that relief will contain a waiver of the 14-day stay as provided in FRBP 4001(a)(3).

10. ☒ Movant may accept any and all payments made pursuant to this order without prejudice to or waiver of any rights or remedies to which it would otherwise have been entitled under applicable nonbankruptcy law.

11. ☐ Other *(specify)*:


**APPROVED AS TO FORM AND CONTENT:**

Dated: 11/12/2024


By: _____
Benjamin Heston
Attorney Debtor
Danielle D. Bias



Dated: 11/12/2024



By: _____*/s/Kirsten Martinez*_____
Kirsten Martinez
Attorney for Movant
Toyota Motor Credit Corporation

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                     Page 5                          **F 4001-1.RFS.PP.ORDER**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**14841 Dallas Parkway Suite 350**
**Dallas, Texas 75254**

A true and correct copy of the foregoing document entitled: **STIPULATION FOR ADEQUATE PROTECTION RE: MOTION FOR RELIEF FROM AUTOMATIC STAY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **11/12/2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

*U.S. Trustee*
ustpregion16.la.ecf@usdoj.gov

*Trustee*
Nancy K. Curry
trustee13la@aol.com

*Debtor's Attorney*
Benjamin Heston
bhestonecf@gmail.com

☐   Service information continued on attached page

**2.    SERVED BY UNITED STATES MAIL:** On (*date*) **11/12/2024**, I served the following persons and or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

*U.S. Bankruptcy Court*
Honorable Vincent P. Zurzolo
255 E. Temple Street, Suite 1360
Los Angeles, CA 90012

*Debtor*
Danielle D. Bias
5600 Wilshire Blvd
Los Angeles, CA 90036-3769

☐   Service information continued on attached page

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| <u>11/12/2024</u> | **Corey Banks** | **/s/Corey Banks** |
| *Date* | *Printed Name* | *Signature* |

3525-N-9995

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                                    Page 2                                    **F 9021-1.2.BK.NOTICE.LODGMENT**